**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**JESSE L. HUFFMAN,**

      **Plaintiff,**

**vs.**                                                                                                                 **No. CIV 92-922 MV/LCS**

**U.S. DEPT. OF VETERANS AFFAIRS,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR NEW TRIAL**

**THIS MATTER** comes before the Court on Plaintiff's Motion for New Trial filed June 4, 1997 **[Doc. No. 178]**. The Court, having considered the pleadings and applicable law, finds that the Motion is well-taken and will be **GRANTED**.

A jury trail in the above-captioned matter commenced on May 19, 1997, before a visiting judge from the Northern District of California. The jury returned a verdict in favor of Defendant on May 21, 1997. After the verdict was returned, the Court discovered that the paperwork required pursuant to 28 U.S.C. § 292 for the temporary designation of a visiting judge had not been completed.[1] On June 4, 1997, Plaintiff filed this motion seeking a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure on the grounds that the presiding judge did not have authority to hear the matter.

---

[1] 28 U.S.C. § 292(d) provides that the "Chief Justice of the United States may designate and assign temporarily a district judge of one circuit for service in another circuit, either in a district court or court of appeals, upon presentation of a certificate of necessity by the chief judge or circuit justice of the circuit wherein the need arises." 28 U.S.C. § 292(d).

The Court was able to locate only a single reported case discussing the appropriate course when the designation of a visiting judge is technically insufficient   In *Leary v. United States*, 268 F.2d 623 (9th Cir. 1959), the defendant challenged the validity of the court proceedings because the visiting judge, although duly designated under 28 U.S.C. § 292, began presiding over trial one day before he had been assigned to exercise jurisdiction in that district.  The judge informed the parties that his official designation did not begin until the next day and each party waived any challenge to the judge's authority.  The Ninth Circuit upheld the validity of the proceeding stating that 28 U.S.C. § 292(c) did not impose strict jurisdictional requirements; that a *nunc pro tunc* order amending assignment to authorize judge to hold court a day sooner could have been obtained by mere exchange of communications; and that all parties were fully informed of the situation and knowingly waived any objection to the judge's authority.

The instant case is distinguishable from *Leary* on several grounds.  First, the requirements of 28 U.S.C. § 292 were not substantially followed.  In *Leary* there were no allegations that the court had not followed the dictates of the law.  In fact, the *Leary* court specifically noted that no question was "raised that any of the statutory conditions respecting the designation and assignment were not complied with (excepting for the moment the date when the assigned duties were to commence).  We must, and are entitled, to assume that the consent of the Chief Judge, or the Judicial Council, of the Second Circuit had been obtained; and that the designation and assignment had been filed with the clerks of the courts from which and to which made.  The law requires this, and it is presumed the law was obeyed." *Id*. at 626.   In this case the requirements of the statute were not complied with prior to the hearing of the case and the inter-circuit assignment committee declined to issue a *nunc pro tunc* order curing the defect.

Second, Plaintiff, who was unaware of the failure of the Court to comply with the statute until after the jury had rendered a verdict, did not waive any objection to the defect in assignment.

Through an oversight on the part of the court, the visiting judge did not have the statutorily authorized designation to sit in this district and therefore did not have authority to hear Plaintiff's case. Although it does not appear that Plaintiff suffered any prejudice, in the interest of a due and proper administration of the courts of justice, this Court is bound to correct this error by setting aside the judgment.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for New Trial filed June 4, 1997 **[Doc. No. 178]** is **GRANTED**. The previous judment is void and this matter is hereby set for jury selection and trial, on a trailing docket, beginning Monday, April 13, 1998, in Santa Fe, New Mexico. Pre-Trial Conference is hereby set for Tuesday, April 7, 1998, at 10:00 a.m., Santa Fe, New Mexico.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for New Trial filed May 30, 1997 **[Doc. No. 177]** is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that Clerk's Order Settling Costs filed July 24, 1997 **[Doc. No. 186]** and Abstract of Judment dated September 22, 1997 are hereby set aside.

**IT IS SO ORDERED**.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE